# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRD INVESTMENTS INC., | Case No. 1:13-cv-01872-LJO-SAB |
| Plaintiff, | **AMENDED** FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED |
| v. | |
| NANCY MONTES, et al., | ECF NO. 4 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On December 31, 2013, the Court issued a Findings and Recommendations that contained certain typographical errors. The Court issues the following Amended Findings and Recommendations correcting those errors.

On November 20, 2013, Plaintiff SRD Investments Inc. ("Plaintiff") filed a motion to remand this action back to state court. (ECF No. 4.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The Court finds it appropriate for Plaintiff's motion to be submitted upon the record and briefs on file without need for oral argument. See Local Rule 230(g). Accordingly, the hearing on this matter is vacated. For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be granted.

/ / /

## I.

## BACKGROUND

This action was removed from the Superior Court of California for the County of Madera on November 19, 2013.  (ECF No. 1.)  Defendant Nancy Montes ("Defendant") removed this action on the basis of federal question jurisdiction.

Plaintiff filed the original complaint in this matter against Defendant for unlawful detainer after non-judicial foreclosure sale.  Plaintiff alleged that it acquired title to the real property at 1119 Lemon Tree Drive, Madera, California 93637 via non-judicial foreclosure sale. Plaintiff further alleges that Defendant is in possession of the real property at issue without Plaintiff's authorization.

## II.

## LEGAL STANDARDS FOR MOTIONS TO REMAND

Removal of actions from state court to federal court are generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

> (a)     Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts.  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

/ / /

# III.

# DISCUSSION

## A.    Remand is Proper Because This Court Lacks Jurisdiction Over Plaintiff's Complaint

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (italics in original). Federal question jurisdictions cannot be premised on federal issues raised in a defendant's answer or counterclaim. Id.

Defendant contends that federal question jurisdiction is proper based on issues arising under the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. Defendant contends that this statute requires a ninety day notice period prior to the filing of any state eviction proceeding. Even if this were true, this issue is not raised in Plaintiff's complaint. Accordingly, it is best characterized as a defense or a counterclaim, and therefore cannot serve as the basis of federal question jurisdiction. The Court finds that removal was improper because this Court lacks jurisdiction over this action and that this action should be remanded to state court.

## B.    Request for Attorneys' Fees and Costs

Plaintiff requests the recovery of attorneys' fees and costs associated with improper removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Court finds that Defendant had no proper basis to remove this action and an award of fees under Section 1447(c) is appropriate. However, the amount of fees awarded under Section 1447(c) must be reasonable. Albion Pacific Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).

1    In this case, Plaintiff seeks the recovery of $1,705.00 in attorneys' fees, based upon at

2  least 6.5 hours of work billed at $250.00 per hour and at least 1 hour of work billed at $80.00 per

3  hour.  The Court finds that the requested attorneys' fee in this matter is reasonable.  The Court

4  will award $1,705.00 in attorneys' fees incurred as a result of improper removal.

5                                           **IV.**

6                      **CONCLUSION AND RECOMMENDATION**

7    Based upon the foregoing, the Court finds that remand is appropriate and that an award of

8  $1,705.00 in attorneys' fees is appropriate.

9    It is HEREBY ORDERED that the hearing on Plaintiff's motion scheduled for January 8,

10  2014 at 9:30 a.m. is VACATED.

11   Further, it is HEREBY RECOMMENDED that:

12   1.    Plaintiff's motion to remand be GRANTED (ECF No. 4);

13   2.    This action be remanded to state court; and

14   3.    Plaintiff be awarded in $1,705.00 in attorneys' fees incurred as a result of

15         improper removal.

16   These findings and recommendations are submitted to the district judge assigned to this

17  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

18  days of service of this recommendation, any party may file written objections to these findings

19  and recommendations with the Court and serve a copy on all parties.  Such a document should be

20  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district

21  judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

22  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

23  //

24  //

25  //

26  //

27  //

28  //

4

1  waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

2  1991).

3

4  IT IS SO ORDERED.

5  Dated:   **January 2, 2014**

   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28